UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| JIMMY DALE ADKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 2:22-cv-00049 |
| JACKSON COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

# ORDER

Jimmy Adkins, a pro se inmate of the Jackson County Jail in Gainsboro, Tennessee, filed a civil rights complaint and application for leave to proceed as a pauper on October 13, 2022. (Doc. Nos. 1, 2).

On October 25, 2022, the Court determined that the three-strikes law, 28 U.S.C. § 1915(g), bars Plaintiff from proceeding as a pauper because he has had at least three prior cases dismissed for failure to state a claim and does not allege in the instant case that he is under imminent danger of serious physical injury. (See Order, Doc. No. 4, finding that Section 1915(g) applies and imminent danger not alleged). "In no event" is an inmate allowed to proceed as a pauper under such circumstances. 28 U.S.C. § 1915(g); Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 584–85 (6th Cir. 2013).

Accordingly, the Court gave Plaintiff 30 days in which to pay the full filing fee and warned him that failure to do so would result in the dismissal of his case for want of prosecution and the assessment of the fee against him. (Doc. No. 4.) The deadline has now passed, and Plaintiff has not paid the filing fee or requested additional time to do so. Instead, he has filed a new application

for leave to proceed as a pauper (Doc. No. 5) and an Amended Complaint (Doc. No. 6) that asserts the same claim to relief (damages for his wrongful restraint on an aggravated assault charge) as the original Complaint. Plaintiff has also filed a separate "Statement of Claim" in which he reveals (1) that he was a confidential informant for the FBI in 2010 on a case against a police officer, and (2) that he believes his September 2022 arrest by Gainsboro police may have been pursuant to "a conspiracy to commit murder on an ex[-]F-B-I informant" that could result in a threat to his life in jail. (Doc. No. 7).

Plaintiff's new filings do not change the Court's analysis under the three-strikes law. His speculation regarding a potential threat against his life at the Jackson County Jail due to his service as an FBI informant twelve years ago does not satisfy Section 1915(g)'s imminent-danger exception. See Swenson v. Pramstaller, 169 F. App'x 449, 450–51 (6th Cir. 2006) (affirming application of Section 1915(g) to bar pauper status "[i]n light of the speculative nature of [inmate's] concerns" that he may be in imminent danger of serious physical injury). His renewed application for pauper status (Doc. No. 5) is therefore **DENIED**.

Furthermore, this action must be dismissed. This outcome is appropriate in view of Plaintiff's fault in failing to comply with the Court's October 25 Order despite having been warned that such failure could lead to dismissal, Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013). In view of Plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be the appropriate disposition here. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and the $402 filing fee[1] is hereby **ASSESSED** against Plaintiff, see In re Alea, 286 F.3d 378, 382 (6th Cir. 2002), with payment to be made as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $400 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).